# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

|  |  |
|---|---|
| DENNIS CHARLES BENOIT, | |
| Plaintiff, | No. C06-2012-LRR |
| vs. | |
| STATE OF IOWA, BLACK HAWK COUNTY, STATE OF GEORGIA, | INITIAL REVIEW ORDER |
| Defendants. | |

This matter is before the court on the plaintiff's application to proceed in forma pauperis and to appoint counsel. The plaintiff submitted such application on February 6, 2006. Along with his application to proceed in forma pauperis, the plaintiff submitted a civil rights complaint.

Based on the application with certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. Given his current financial status, the plaintiff shall not be required to submit an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nonetheless, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $250.00 filing fee is paid. 28 U.S.C. § 1915(b)(2). *See also* 28 U.S.C. § 1914(a) (requiring $250.00 filing fee). The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed

to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger,* 77 F.3d at 1073.

In this action, the plain language of the complaint demonstrates the plaintiff is challenging the validity of his convictions. In his complaint, the plaintiff, among other things, states that he received ineffective assistance of counsel. The plaintiff also references several case numbers. From his statement and references, it appears the plaintiff is dissatisfied with the outcome of several state criminal cases, that is, *State v. Benoit*, FECR128079 (Black Hawk County Dist. Ct. 2005), and *State v. Benoit*, AGCR126672 (Black Hawk County Dist. Ct. 2004) or the outcome of his post-conviction relief action, that is, *Benoit v. State*, PCCV096216 (Black Hawk County Dist. Ct. 200_).[1] As relief, the plaintiff states that he would like a new hearing and the court to intervene.

---

[1] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

The relief sought by the plaintiff is not available in a 42 U.S.C. § 1983 action.[2] Thus, the plaintiff's claim under 42 U.S.C. § 1983 shall be dismissed.

Construing the action as an application for habeas corpus relief under 28 U.S.C. § 2254, the plaintiff's claim shall be dismissed for failure to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1). Accordingly, this action shall be dismissed. 28 U.S.C. § 1915(e).[3]

With respect to his request for appointment of counsel, there is no need to appoint counsel because the court determined that this action should be dismissed. Accordingly, the plaintiff's application to appoint counsel shall be denied as moot.

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis status is granted.

2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

3) The plaintiff is directed to submit monthly payments of 20 percent of the preceding month's income credited to his account until the $250.00 filing fee is paid.

---

[2] To the extent he seeks damages for an unlawful conviction, a 42 U.S.C. § 1983 cause of action does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994).

[3] The court notes the plaintiff filed a direct appeal in *State v. Benoit*, FECR128079 (Black Hawk County Dist. Ct. 2005), which is still pending. With respect to *State v. Benoit*, AGCR126672 (Black Hawk County Dist. Ct. 2004), the court notes that *Benoit v. State*, PCCV096216 (Black Hawk County Dist. Ct. 200_) is still pending.

4) The agency having custody of the plaintiff is directed to forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid.

5) The plaintiff's complaint is dismissed.

6) The plaintiff's application to appoint counsel is denied as moot.

**DATED** this 3rd day of April, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

**TO:  WARDEN/ADMINISTRATOR**
**North Central Correctional Facility, Rockwell City, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Dennis Charles Benoit, #6109271, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Benoit v. State of Iowa, et al.*, Case No. C06-2012-LRR.  The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $250.00 filing fee.  Because the plaintiff has insufficient funds in his account, the court has not assessed an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Nonetheless,

> . . . [the plaintiff] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account.  The agency having custody of the [plaintiff] shall forward payments from [his] account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).  You must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ Pridgen J. Watkins on 4/3/06

Pridgen J. Watkins
U.S. District Court Clerk
Northern District of Iowa